## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRYL A. MAYO,          ) | |
|        ) | |
|        ) | |
| Plaintiff,   ) | |
|        ) | Civil No. 05-0860 (ESH) |
| v.       ) | |
|        ) | |
| UNITED STATES PAROLE COMMISSION,   ) | |
|        ) | |
| Defendant.   ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a writ of habeas corpus in which he challenges the computation of institutional good time ("IGT") credits[1] under the D.C. Good Time Credit Act of 1986, D.C. Code § 24-201.29. According to petitioner, he has been unlawfully denied credit for good time earned during previous periods of imprisonment on his sentence, and thus, he claims that he should be released because he has served his sentence through his time in custody and through the accumulation of IGT credits. The Court cannot agree.

As explained in the government's opposition, petitioner was sentenced in Superior Court on November 14, 1991, to a prison term of two to six years for second-degree burglary, and on January 29, 1992, to a concurrent term of 40 to 120 months for robbery. While on parole, petitioner was the subject of at least five parole violator warrants -- one issued in 1997, 1999, 2000, 2003, and the latest in 2005. Several of the earlier warrants were executed upon but no

---

[1] Petitioner is an inmate at D.C. Jail so the proper respondent is his warden, Steven A. Smith, and not the U.S. Parole Commission. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). The Court will therefore substitute Warden Smith for the U.S. Parole Commission.

finding on the charge was made and petitioner was reinstated on supervision.  The third parole

warrant was executed and a parole hearing was held at which time his parole was revoked.

Similarly, the fourth parole violator warrant was executed, a hearing was held and parole was

revoked based on administrative charges.  Finally, the fifth parole violator warrant remains

outstanding even though petitioner has pled guilty to drug felony charges occurring in 2005.

Contrary to petitioner's argument, he has not been deprived of IGT credits, since good

time credits do not reduce the full-term date of the sentence, but only set the mandatory release

date if the prisoner has not been previously paroled.  But here, where petitioner has been

previously paroled and parole is revoked, he is required to serve the balance of the original

sentence less any good time credit "which may be earned by him *after* his return to custody."  *See*

D.C. Code § 24-406(a) (formerly § 24-206) (emphasis added).[2]  Thus, petitioner is not entitled to

any good time credit earned prior to his last release on parole, since the good time credits that

had previously been earned were forfeited upon his prior parole revocations.

Not only is this result dictated by statute, but it is consistent with the law in this Circuit

and elsewhere.  *See, e.g.*, *Jones v. Clemmer*, 163 F.2d 852, 853 (D.C. Cir. 1947) ("any right to

commutation" which petitioner had previously earned "was forfeited by his violation of parole");

*Bates v. Rivers*, 323 F.2d 311, 312 (D.C. Cir. 1963); *Hall v. Welch*, 185 F.2d 525, 526 (4th Cir.

---

[2] Section 24-406 dictates that a prisoner whose parole has been revoked must (unless
subsequently re-paroled):

> serve the remainder of the sentence originally imposed less any
> commutation for good conduct which may be earned by him *after his*
> *return to custody*.  For the purpose of computing commutation for
> good conduct, the remainder of the sentence originally imposed shall
> be considered as a new sentence.  (Emphasis added.)

1950).  *See also U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1091-92 & n.12 (D.C. 1997);

*Teachey v. Carver*, 736 A.2d 998, 1006 n.12 (D.C. 1999).[3/]

Based on the above authority, the Court concludes that petitioner forfeited previously

earned good time credits during periods of imprisonment prior to his last release on parole, and

therefore, his petition for habeas corpus is **DENIED**.


                                        s/
                          _____
                          ELLEN SEGAL HUVELLE
                          United States District Judge


Date:  July 22, 2005

_____

[3/] As the government correctly argues, the analogous federal statutes
 (18 U.S.C. § 4161 and § 4165) have also been interpreted consistently by circuit courts to deny
IGT for good time earned prior to release on parole where the petitioner's parole has been
revoked.  (*See* Def.'s Opp'n at 9 and cases cited therein.)